SMALL & al. *versus* SMALL & al.

The Act of 1845, authorizing county commissioners to grant permits for the cutting of timber upon the public lots, was repealed in 1848.

That repeal terminated the county commissioners' authority to grant such permits.

While the authority was with them, their permits could operate for no longer time than one year.

Thus a permit for cutting *all* the timber upon a public lot, though to be cut in such quantities yearly as the Act allowed, was *held* to be inoperative at the end of one year, and to furnish no protection to the purchaser to cut after that time.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

TRESPASS, for cutting and hauling timber subsequent to *December* 12, 1850, from two lots of timber land, which had been reserved for public uses.

A statute was passed in 1845, as follows; — "The county commissioners of the several counties are hereby authorized to *grant permits* for cutting timber on any of the lots reserved for public uses, in unincorporated timber townships, in their respective counties, *not to exceed a permit for one six-ox team on any one lot in each year.*

The defendants introduced and relied upon a permit, (which had been duly assigned to them,) dated August 31, 1847, and signed by the county commissioners of that period, acting under that statute and granting to certain purchasers authority " to cut and haul all the pine, spruce and hemlock, and all other timber from the public lots in township No. 10, adjoining Steuben and township 16, middle division, not to exceed enough for a six-ox team on any one lot each year, and we have received a note for the payment of the same."

On the above mentioned *Dec.* 12, 1850, the Land Agent, under an Act of that year, conveyed the timber on said public lots, by deed of that date, to the plaintiffs.

The defendants had knowledge of that deed, and were requested to take no more timber from the lots. They, however, continued to cut and haul from that time till March 20, 1851. For that cutting and hauling, this suit was brought.

It was agreed by the parties that if, in the opinion of the Court, the acts of the defendants were rightful, a nonsuit is to be entered; otherwise the action to stand for trial.

*Burbank*, for the plaintiffs.

*B. Bradbury*, for the defendants.

Hathaway, J. — The State, being the principal, authorized the county commissioners, as its agents, " to grant permits for cutting timber on any of the lots reserved for public uses, in unincorporated timber townships, in their respective counties, not to exceed a permit for one six-ox team on any lot *in each year*, the said permits to be granted by public auction to the highest bidder." Stat. of 1845, c. 149.

This statute was repealed by the Act of 1848, c. 82, and the custody of the lands given to agents to be appointed by the Governor and Council; and the Act of 1848 was repealed by the Act of 1850, c. 196, and the custody of the land given to the Land Agent of the State. The Land Agent sold the timber to the plaintiffs by deed dated Dec. 12, 1850, and between that time and March 20, 1851, a portion of the timber was cut and taken away by the defendants, claiming a right to do so under a permit from the county commissioners, dated August 31, 1847.

The authority of the county commissioners to grant permits, was manifestly to be exercised annually. They could not, of course, sell the timber in a lump to be taken away in an indefinite period of time. Their authority was determined by the repealing Act of 1848; and the plaintiffs, claiming title under the Land Agent's deed of Dec. 12, 1850, had the paramount and only valid title to the timber, and, according

to the agreement of the parties, the action must stand for trial.

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.